**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

SHARON OTT,

    Plaintiff,

vs.                                            Case No.:

CHEVROLET CENTER, INC.,
a Florida profit corporation,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, SHARON OTT, by and through her undersigned counsel, sues the Defendant, CHEVROLET CENTER, INC., a Florida corporation, and alleges as follows:

**JURISDICTION AND VENUE**

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, given the causes of action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101, *et seq.*, as amended by the ADAAA (the "ADA"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* (the "ADEA"), and the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (the "FMLA"). Supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 for Plaintiff's causes of action under the Florida Civil Rights Act, Section 760.01, *et seq.*, Florida Statutes ("FCRA").

2.    Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, because a substantial part of the events giving rise to this claim occurred in this Judicial District, and is therefore proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. At all times material herein, Plaintiff, SHARON OTT ("Ms. Ott" or "Plaintiff"), was and is a resident of Polk County, Florida.

4. At all times material herein, Defendant, CHEVROLET CENTER, INC. ("Defendant"), was and is a Florida corporation, licensed and authorized to do business in Polk County, Florida.

## ADMINISTRATIVE PREREQUISITES AND GENERAL ALLEGATIONS

5. All conditions precedent to bringing this action have occurred.

6. On January 30, 2019, Plaintiff filed a discrimination and retaliation charge with the Equal Employment Opportunity Commission ("EEOC"). A Right to Sue was issued on August 5, 2019.

7. At all times material hereto, Plaintiff was an "eligible employee" within the meaning of 29 U.S.C. § 2611(2) because Plaintiff was an employee of Defendant, and she worked at least 1250 hours in the twelve (12) months preceding the request for leave under the FMLA.

8. At all times material hereto, Plaintiff was protected by the ADEA because she is at least forty (40) years of age.

9. At all times material hereto, Defendant was an "employer" within the meaning of the FMLA and 29 U.S.C. § 2611(4) because Defendant was engaged in commerce and employed fifty (50) or more employees.

10. At all times material hereto, Defendant was an "employer" within the meaning

of the ADA and the FCRA because it employed fifteen (15) or more employees.

11. At all times material hereto, Defendant was an "employer" within the meaning of the ADEA because it employed twenty (20) or more employees.

## FACTUAL ALLEGATIONS

12. Plaintiff worked for Defendant as a receptionist for eighteen (18) years until her unlawful termination on November 13, 2018. At the time of her unlawful termination, Plaintiff was seventy-nine (79) years of age.

13. Plaintiff suffers from or is regarded as suffering from a disability that qualifies as a handicap under the ADA and the FCRA, and as such, is a member of protected class under the ADA and the FCRA because she suffers from a disability and/or was regarded as being disabled by Defendant.

14. Plaintiff is able to perform the essential functions of the job for which she was hired by Defendant with or without an accommodation.

15. On or about Sunday, October 14, 2018, Plaintiff was hospitalized for a number of days due to a medical condition that substantially limits one or more of her major life activities. As a result of her hospitalization, Plaintiff suffered from a "serious health condition" under the FMLA.

16. Prior to her hospitalization, Plaintiff called Defendant's representatives to inform them that she was suffering from medical issues and may require hospitalization.

17. On the day of Plaintiff's hospitalization, Plaintiff's friend and neighbor, Dale Oberly ("Mr. Oberly"), requested medical leave for Plaintiff by texting Samuel Portlock, III

("Mr. Portlock"), Defendant's owner and vice president, and informed Mr. Portlock that Plaintiff had been hospitalized and would not be at work on Monday, October 15, 2018 or Tuesday, October 16, 2018. Mr. Portlock responded to Mr. Oberly's text message concerning Plaintiff, and acknowledged Plaintiff's hospitalization.

18. On Tuesday, October 16, 2018, Mr. Oberly texted Mr. Portlock again requesting additional medical leave on Plaintiff's behalf, and informed him that Plaintiff would remain hospitalized until Wednesday, October 17, 2018, and would be unable to return to work until Monday, October 22, 2018. Mr. Portlock responded and acknowledged Plaintiff's continued hospitalization and expected absence.

19. In addition to Mr. Oberly keeping Mr. Portlock apprised of Plaintiff's hospitalization, Plaintiff communicated with Defendant's representatives indicating that she was hospitalized and would be unable to return to work until Monday, October 22, 2018, and required this short medical leave of absence.

20. As previously indicated to Defendant, Plaintiff returned to work on Monday, October 22, 2018. Upon her return, Plaintiff provided her supervisor, Michelle Powell ("Ms. Powell"), a doctor's note excusing her from work from October 14, 2018 – October 21, 2018. Upon her return to work, Ms. Powell did not, nor any other of Defendant's representatives, question or seek additional information from Plaintiff concerning her hospitalization.

21. After returning to work on October 22, 2018, Plaintiff came to work as scheduled and performed her required duties until her unlawful termination on November 13, 2018.

22. At the end of her shift on November 13, 2018, Plaintiff was called into the office

by Ms. Powell, and Ms. Powell terminated Plaintiff due to alleged unauthorized absences during Plaintiff's hospitalization and because of the erroneous belief that Plaintiff's medical issues were going to cause more absences.

23. The day immediately following Plaintiff's termination, Defendant placed an outside hire, who is nearly twenty-five (25) years younger than Defendant, into Plaintiff's position.

24. After her unlawful termination, Plaintiff sought unemployment compensation. In its opposition to Plaintiff's entitlement to unemployment compensation Defendant provided a statement to the Florida Reemployment Assistance Program articulating the reasons for Plaintiff's termination. A copy of Defendant's statement is attached as **EXHIBIT "A"** to this Complaint. In this statement, Defendant states:

> Claimant was discharged for attendance, she was having some medical problems but we knew nothing about it. She just kept calling out of work causing her to have attendance issues. Her final absences was due to her being in the hospital. It was in the best interest of the company that she be terminated because her medical issues was going to cause more absences….

## COUNT I – ADA DISABILITY DISCRIMINATION

25. Plaintiff realleges and adopts the allegations in paragraphs 1 through 24 of this Complaint, as though fully set forth herein.

26. Plaintiff is a member of a protected class under the ADA.

27. Plaintiff was subjected to disparate treatment on the basis of her handicap, disability, and/or perceived handicap/disability.

28. The aforementioned actions constitute discrimination in violation of the ADA.

29. Defendant's actions were willful and done with malice.

30. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, SHARON OTT, demands a trial by jury and judgment for:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Interest on front pay and benefits;

    e.    Compensatory damages, including damages for mental anguish, loss of dignity, emotional distress, and other intangible injuries;

    f.    Punitive damages;

    g.    Injunctive relief;

    h.    Attorney's fees and costs; and

    i.    For any other relief this Court deems just and proper.

### **COUNT II – FCRA DISABILITY DISCRIMINATION**

31. Plaintiff realleges and adopts the allegations in paragraphs 1 through 24 of this Complaint, as though fully set forth herein.

32. Plaintiff is a member of a protected class under the FCRA.

33. Plaintiff was subjected to disparate treatment on the basis of her handicap, disability, and/or perceived handicap/disability.

34. The aforementioned actions constitute discrimination in violation of the FCRA.

35. Defendant's actions were willful and done with malice.

36. As a result of Defendant's unlawful disability discrimination, Plaintiff has

suffered and continues to suffer damages.

WHEREFORE, Plaintiff, SHARON OTT, demands a trial by jury and judgment for:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Interest on front pay and benefits;

e. Compensatory damages, including damages for mental anguish, loss of dignity, emotional distress, and other intangible injuries;

f. Punitive damages;

g. Injunctive relief;

h. Attorney's fees and costs; and

i. For any other relief this Court deems just and proper.

## COUNT III – ADEA AGE DISCRIMINATION

37. Plaintiff realleges and adopts the allegations in paragraphs 1 through 24 of this Complaint, as though fully set forth herein.

38. Plaintiff is a member of a protected class under the ADEA.

39. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of age in violation of the ADEA.

40. Defendant knew or should have known of the discrimination.

41. Defendant's actions were willful and done with malice.

42. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, SHARON OTT, demands a trial by jury and judgment for:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Interest on front pay and benefits;

e. Liquidated damages;

g. Injunctive relief;

h. Attorney's fees and costs; and

i. For any other relief this Court deems just and proper.

## COUNT IV – FCRA AGE DISCRIMINATION

43. Plaintiff realleges and adopts the allegations in paragraphs 1 through 24 of this Complaint, as though fully set forth herein.

44. Plaintiff is a member of a protected class under the FCRA.

45. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of age in violation of the FCRA.

46. Defendant knew or should have known of the discrimination.

47. Defendant's actions were willful and done with malice.

48. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, SHARON OTT, demands a trial by jury and judgment for:

a. Back pay and benefits;

b. Interest on back pay and benefits;

  c.  Front pay and benefits;

  d.  Interest on front pay and benefits;

  e.  Compensatory damages, including damages for mental anguish, loss of dignity, emotional distress, and other intangible injuries;

  f.  Punitive damages;

  g.  Injunctive relief;

  h.  Attorney's fees and costs; and

  i.  For any other relief this Court deems just and proper.

## COUNT V – FMLA INTERFERENCE

49. Plaintiff realleges and adopts the allegations in paragraphs 1 through 24 of this Complaint, as though fully set forth herein.

50. Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

51. By terminating Plaintiff's employment and not reinstating her to the position she held prior to exercising her FMLA rights, Defendant interfered with Plaintiff's FMLA rights in violation of the FMLA and denied a benefit to which she was entitled under the FMLA.

52. Defendant's action were willful and done with malice.

53. Plaintiff was and continues to be injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

WHEREFORE, Plaintiff, SHARON OTT, demands a trial by jury and judgment for:

  a.  Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Reinstatement of Plaintiff to a position comparable to Plaintiff's position prior position with back pay plus interest and all benefits or, in the alternative, the entry of a judgment against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered and continues to suffer as a direct result of Defendant's violations of the FMLA;

    d.    Front pay and benefits;

    e.    Interest on front pay and benefits;

    f.    Liquidated damages;

    g.    Injunctive relief;

    h.    Attorney's fees and costs; and

    i.    For any other relief this Court deems just and proper.

## COUNT VI – FMLA RETALIATION

54. Plaintiff realleges and adopts the allegations in paragraphs 1 through 24 of this Complaint, as though fully set forth herein.

55. Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

56. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise FMLA rights.

57. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating Plaintiff's employment.

58. Defendant's actions were willful and done with malice.

59. Plaintiff was and continues to be injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

WHEREFORE, Plaintiff, SHARON OTT, demands a trial by jury and judgment for:

 a. Back pay and benefits;

 b. Interest on back pay and benefits;

 c. Reinstatement of Plaintiff to a position comparable to Plaintiff's position prior position with back pay plus interest and all benefits or, in the alternative, the entry of a judgment against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered and continues to suffer as a direct result of Defendant's violations of the FMLA;

 d. Front pay and benefits;

 e. Interest on front pay and benefits;

 f. Liquidated damages;

 g. Injunctive relief;

 h. Attorney's fees and costs; and

 i. For any other relief this Court deems just and proper.

## **COUNT VII – ADA DISABILITY RETALIATION**

60. Plaintiff realleges and adopts the allegations in paragraphs 1 through 24 of this Complaint, as though fully set forth herein.

61. Plaintiff required time off from work to care for herself because she suffered from a disability protected by the ADA, and therefore required a reasonable accommodation.

62. Plaintiff engaged in protected activity under the ADA by exercising and/or attempting to exercise her ADA rights by requesting a reasonable accommodation—a short, defined period of time off to address her medical issues and protected disability.

63. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

64. Defendant's actions were willful and done with malice.

65. Plaintiff was and continues to be injured by Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

66. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, SHARON OTT, demands a trial by jury and judgment for:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Interest on front pay and benefits;

    e. Compensatory damages, including damages for mental anguish, loss of dignity, emotional distress, and other intangible injuries;

    f. Punitive damages;

    g. Injunctive relief;

    h. Attorney's fees and costs; and

    i. For any other relief this Court deems just and proper.

## **COUNT VIII – FCRA DISABILITY RETALIATION**

67.     Plaintiff realleges and adopts the allegations in paragraphs 1 through 24 of this Complaint, as though fully set forth herein.

68.     Plaintiff required time off from work to care for herself because she suffered from a disability protected by the FCRA, and therefore required a reasonable accommodation.

69.     Plaintiff engaged in protected activity under the FCRA by exercising and/or attempting to exercise her FCRA rights by requesting a reasonable accommodation—a short, defined period of time off to address her medical issues and protected disability.

70.     Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

71.     Defendant's actions were willful and done with malice.

72.     Plaintiff was and continues to be injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

73.     As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, SHARON OTT, demands a trial by jury and judgment for:

   a.    Back pay and benefits;

   b.    Interest on back pay and benefits;

   c.    Front pay and benefits;

   d.    Interest on front pay and benefits;

   e.    Compensatory damages, including damages for mental anguish, loss of dignity, emotional distress, and other intangible injuries;

      f.      Punitive damages;

      g.      Injunctive relief;

      h.      Attorney's fees and costs; and

      i.      For any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, SHARON OTT, demands a trial by jury on all issues so triable.

Dated this 12th day of August, 2019

                                    Respectfully submitted,

                                    PETERSON & MYERS, P.A.

                                    By:   */s/ Nicholas L. Sellars*
                                        Nicholas L. Sellars
                                        Florida Bar No. 0119379
                                        nsellars@petersonmyers.com
                                        E. Blake Paul
                                        Florida Bar No. 0086118
                                        EBPPleadings@petersonmyers.com
                                        P. O. Box 24628
                                        Lakeland, FL 33802-4628
                                        Telephone: (863) 683-6511
                                        Facsimile: (863) 682-8031
                                        Attorneys for Plaintiff